**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert R. SOLOMON III,
Defendant-Appellant.**

No. 17-10042

United States Court of Appeals,
Ninth Circuit.

Submitted October 23, 2017 *

Filed October 27, 2017

Owen Roth, Assistant U.S. Attorney, USSAC—Office of the US Attorney, Sacramento, CA, for Plaintiff-Appellee

Carolyn M. Wiggin, Assistant Federal Public Defender, FPDCA—Federal Public Defender's Office (Sacramento) Sacramento, CA, for Defendant-Appellant

Before: LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

## MEMORANDUM **

Robert R. Solomon III appeals from the district court's judgment and challenges the 37-month sentence imposed following his guilty-plea conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Solomon contends that the district court improperly determined that his prior assault conviction under California Penal Code § 245(a)(4) was a "crime of violence" under U.S.S.G. § 2K2.1(a)(4)(A) and, therefore, improperly determined his base offense level. He acknowledges that this claim is foreclosed by our holding in *United States v. Grajeda*, 581 F.3d 1186, 1197 (9th Cir. 2009) (violation of section 245 "is categorically a crime of violence" under the elements clause). However, he argues that this holding has been undermined by *Johnson v. United States*, ––– U.S. –––, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). We disagree. *Johnson* held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague, and did not address the elements clause. *See Johnson*, 135 S.Ct. at 2563. Moreover, *Johnson*'s holding had no effect on the advisory Guidelines. *See Beckles v. United States*, ––– U.S. –––, 137 S.Ct. 886, 895, 197 L.Ed.2d 145 (2017). Finally, contrary to Solomon's contention, our decision in *Grajeda* is not "clearly irreconcilable" with *Descamps v. United States*, 570 U.S. 254, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), or *Mathis v. United States*, ––– U.S. –––, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016). *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

**AFFIRMED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.